# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : Case No. |
| v. | : : : |
| SAMMY'S MANAGEMENT GROUP BLUE ASH, LLC, d/b/a SAMMY'S CRAFT BURGERS & BEERS, and SAMUEL FLORES, | : : : : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Sammy's Management Group Blue Ash, LLC, d/b/a Sammy's Craft Burgers & Beers, a limited liability company and Samuel Flores, individually and as owner, officer, and manager of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3. Defendant Sammy's Management Group Blue Ash, LLC, d/b/a Sammy's Craft Burgers & Beers ("Sammy's") is a limited liability company with its principal place of business located at 4767 Creek Road, Blue Ash, Ohio 45242. Sammy's is a full-service restaurant business operating within the jurisdiction of this Court.

4. Defendant Samuel Flores ("Flores") is the owner of Sammy's with a residential address of 10531 Storybook Drive, Cincinnati, Ohio 45242, within the jurisdiction of this Court. Flores directed Sammy's employment practices and has directly or indirectly acted in the interest of Sammy's in relation to its employees at all relevant times herein, including supervising employees, hiring and firing employees, setting their work schedules, and setting their pay rates.

5. Flores has acted directly or indirectly in Sammy's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

6. At all times relevant herein, Sammy's has employed, and is employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Further, at all times relevant herein, Sammy's had annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

7. At all times relevant herein, Defendants have employed the individuals listed in Exhibit 1 to the Complaint.

8. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce and

failing to pay their employees at least $7.25 per hour for each hour worked before 40 hours in a workweek. Therefore, Defendants are liable for the payment of unpaid minimum wage compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

9. For example, during the period from April 8, 2020 to April 7, 2023, Defendants failed to pay certain employees for all hours worked, which resulted in minimum wage violations.

10. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

11. For example, during the period from at least April 8, 2020 to April 7, 2023, Defendants failed to compensate certain of their employees who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates.

12. Defendants paid employees at established regular hourly rates of pay for overtime hours worked. Defendants paid these employees at their straight time regular rate for all hours worked, including those in excess of forty per workweek. During these workweeks, Defendants paid employees their straight-time hourly rates for all hours worked on the face of Defendants' payroll records, and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

13. Defendants knew or recklessly disregarded their obligations to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants paid employees straight time for all overtime hours worked, and not the required time and one-half premium rates, despite being aware of the overtime requirement.

14. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

15. For example, Defendants failed to keep records of employees' full names, total straight time earnings per pay period, total overtime earnings per pay period, and deductions per pay period. 29 C.F.R. § 516.2(a)(1), (8), (9), (10). Defendants also failed to preserve accurate records of tips paid to employees. 29 C.F.R. § 516.28(b)(2). Defendants also failed to have the required federal minimum wage poster posted. 29 C.F.R. § 516.4.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Section 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211(c), and 215(a)(2), (5); and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in Exhibit 1 for the period from at least April 8, 2020, through

4

at least April 7, 2023, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit 1 for violations continuing after April 7, 2023, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit 1; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in her favor, and an order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    **SEEMA NANDA**
    Solicitor of Labor

    **CHRISTINE Z. HERI**
    Regional Solicitor

    **LEAH A. WILLIAMS**
    Associate Regional Solicitor

    */s/ Rina R. Russo*
    Rina Russo (0087761)
    Counsel for Wage & Hour and Civil Rights
    U.S. Department of Labor
    Office of the Solicitor

1240 East Ninth Street, Room 881
Cleveland, Ohio 44199
(216) 522-2447
*Russo.Rina.R@dol.gov*

*Attorney for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*