## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JULIE A. SU, | : | Case No. 1:25-cv-18 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| SAMMY'S MANAGEMENT GROUP | : | |
| BLUE ASH, LLC, et al. | : | |
| | : | |
| Defendants. | : | |

## CONSENT ORDER AND JUDGMENT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 et seq.) ("FLSA"), and Defendants Sammy's Management Group Blue Ash, doing business as Sammy's Craft Burger & Beers, and Samuel Flores, individually (collectively "Defendants"), have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defenses which they may have, and agree to the entry of this Consent Order and Judgment without contest. Defendants admit and the Court finds that Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds that Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C.

§ 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and for cause shown, it is: **ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 1 1(c), 1 5(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Sammy's Craft Burger & Beers, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive

2

compensation for their employment in excess of forty hours at a rate equivalent to one and one half times the regular rate at which they are employed.

3. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Sammy's Craft Burgers & Beers, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities:

   a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

   b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation

3

of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship; or

c. Objects to, or refuses to participate in any activity, policy, or practice which regulation promulgated pursuant to the FLSA.

Further, judgment is hereby entered, pursuant to sections 16(c) and 16(e) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $66,670.40.

5. The Acting Secretary shall recover from Defendants the sum of $33,335.20 in unpaid minimum wage and overtime compensation covering the period from April 8, 2020, to April 7, 2023, for Defendants' current and former employees whose names are listed in Exhibit A of Plaintiff's Motion to Approve Consent Judgment (Motion, Doc. 2, Pg, ID 18), and the additional sum of $33,335.20 in liquidated damages. Additionally, the Acting Secretary shall recover civil money penalties ("CMPs") in the amount of $42,042.00 due to their repeated and willful violations of the FLSA.

a. Within thirty (30) calendar days of the entry of this Consent Order and Judgment, Defendants shall deliver payment in the amount of $66,670.40 via ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or "vww.pay.gov and searching "WHD Back Wage Payment- Midwest Region", the total net due to all such employees. At the same time, Defendants shall also send via

4

electronic mail to Columbus.BWFU@dol.gov the full name, last-known address, last-known phone number, and social security number for each individual named in Exhibit A.

b. Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the individual's share of the social security 4 (F.1.C.A.) tax, to the current/former employees or their legal representative as their interests may appear, in accordance with the provisions of section 16( c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

c. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the Acting Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

d. Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

e. The provisions of this Consent Order and Judgment shall not in any way

affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

f. Further, within sixty (60) calendar days of the entry of this Consent Order and Judgment, Defendants shall pay a CMP in the amount of $42,042.00. Defendants shall deliver such payment to the Acting Secretary utilizing the same payment method as that outlined within Paragraph S(a), except searching for 5 "WHD Civil Money Penalty Payment - Midwest Region." Within seven (7) calendar days after payment is made, Defendants shall provide to the Acting Secretary's representative via electronic mail at Columbus.BWFU@dol.gov proof of payment.

6. By entering into this Consent Order and Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is further **ORDERED** that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND